UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Beckworth, | ) C/A No.9:08-0184-HMH-GCK |
| Petitioner, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Bruce Pearson, Warden, | ) |
| Respondent. | ) |

The petitioner, Robert Beckworth ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at Federal Correctional Center in Yazoo City, Mississippi, a facility of the U. S. Bureau of Prisons (BOP). He is serving a sentence imposed by this Court in 1999. The petition seeks a writ of habeas corpus because state convictions used to enhance his federal sentence have since been vacated, and he claims a motion pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his enhanced sentence.

Review



Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the Rules Governing Habeas Corpus Cases Under Section 2254[2] and the Anti-Terrorism and Effective Death Penalty Act

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

[2] The Rules Governing Section 2254 Cases may be applied in habeas actions filed pursuant to 28 U.S.C. § 2241. Rule 1(b) states a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [§ 2254]."

of 1996. This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

In 1996, criminal charges were brought against Petitioner in this Court. *U.S. v. Beckworth*, C/A No. 8:96-cr-0093 (D.S.C. 1996). On April 22, 1996, Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to possess with the intent to distribute marijuana. Prior to sentencing Petitioner disappeared for three years, and thus was not sentenced until 1999.[3] On June 29, 1999, Petitioner was sentenced to three hundred sixty (360) months imprisonment followed by five (5) years supervised release. Petitioner filed a direct appeal and his conviction was affirmed by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") on March 22, 2000. *United*

---

[3] Some background information in this case is taken from this Court's Order denying Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Beckworth v. U.S.A.*, C/A No. 8:00-cv-3004 (D.S.C. 2000)[dkt # 15]. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding).

2

*States v. Beckworth*, No. 99-4489, 2000 WL 296308 (4th Cir. Mar. 22, 2000).

On September 22, 2000, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel and a claim that he was sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Beckworth v. U.S.A.*, C/A No. 8:00-cv-3004 (D.S.C. 2000). Petitioner's § 2255 motion was denied on January 8, 2001, and Petitioner's subsequent motion for reconsideration was denied on January 31, 2001. Petitioner then filed a motion for modification and correction of sentence under 18 U.S.C. § 3582(C)(1)(B), which was construed as a motion to correct a sentence pursuant to 28 U.S.C. § 2255, and dismissed as a successive § 2255 motion on May 1, 2001. *See Beckworth v. U.S.A.*, C/A No. 8:01-cv-2157 (D.S.C. 2001). Petitioner also filed for a certificate of appealability, which was denied by this Court on May 1, 2001. Petitioner appealed the denial to the Fourth Circuit, which dismissed the appeal on September 27, 2001. *United States v. Beckworth*, No. 01-6832, 2001 WL 1142064 (4th Cir. Sept. 27, 2001).



After one of Petitioner's state court convictions was vacated in January 2005, Petitioner began filing documents seeking to collaterally attack his federal sentence based on the fact that a state conviction used to enhance his federal sentence had since been vacated. Petitioner filed a motion with the Fourth Circuit requesting permission pursuant to 28 U.S.C. § 2244 to file a successive application for relief under 28 U.S.C. § 2255, which the Fourth Circuit denied on November 15, 2005. On November 30, 2005, Petitioner filed in this Court a motion for relief from judgment pursuant to Rule 60(b)(4) and (5) based on newly discovered evidence, which was construed as another successive application for relief under § 2255 and dismissed on December 13, 2005. *Beckworth v. U.S.A.*, C/A No. 8:05-cv-3467 (D.S.C. 2005). On September 28, 2006,

3

Petitioner filed a motion for correction of the presentence investigation report used in his criminal case and the motion was denied on September 29, 2006. *U.S. v. Beckworth*, C/A No. 8:96-cr-0093 (D.S.C. 1996).

Petitioner's federal sentence was enhanced based on prior state court convictions. The current habeas petition seeks to prove that three of the predicate state court convictions used to enhance his federal sentence have been vacated and a fourth erroneous conviction was recently corrected to reflect dropped charges. A conviction in Bulloch County Superior Court, Georgia, was vacated on January 4, 2005, and two convictions in Toombs County Superior Court, Georgia, were vacated on May 25, 2007 [dkt # 1-3]. The petition also contends that on October 5, 2007, a charge erroneously entered as a conviction in the Superior Court of Dodge County, Georgia, was ordered to be correctly entered as a "nolle proseque." At the time of filing this habeas petition, Petitioner also had a challenge to another predicate state conviction pending in the Supreme Court of Georgia. The habeas corpus petition filed in this Court challenges the legality of Petitioner's enhanced sentence and claims a motion pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his sentence allowing for this § 2241 habeas petition to "vacate" his "career-offender sentence." Petitioner also contends he is actually innocent of the career-offender enhancements made to his federal sentence.

## Discussion

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition names as respondent the warden of the Federal Correctional Complex in Yazoo City, Mississippi, who is "the person who has custody over [Petitioner]." 28 U.S.C. § 2242. The petition names the proper respondent, but is not filed in the correct court. *Rumsfeld v. Padilla*, 542 U.S. 124, 434 (2004).

4

"District courts are limited to granting habeas relief 'within their respective jurisdiction.'" *Id.* at 442 quoting 28 U.S.C. § 2241(a). The jurisdiction required is "that the court issuing the writ have jurisdiction over the custodian." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973). This is further acknowledged in 28 U.S.C. § 2242, which requires explanation for why a petition filed in the Supreme Court or a circuit court was not filed in "the district court of the district in which the applicant [petitioner] is held." 28 U.S.C. § 2242. Both Petitioner and his custodian are located outside of this Court's territorial jurisdiction. This Court does not have jurisdiction to consider Petitioner's application for writ of habeas corpus pursuant to § 2241.

Petitioner's § 2241 petition could be transferred to the appropriate district court having habeas jurisdiction, but the Court should decline to do so. Petitioner's claims should be presented in a motion to vacate pursuant to 28 U.S.C. § 2255, so that they can be considered by this Court, the sentencing court. *See Johnson v. U.S.*, 544 U.S. 295 (2005) (challenge to enhanced federal sentence based on vacated state convictions brought as § 2255 motion in sentencing court); *U.S. v. Maybeck*, 23 F.3d 888 (4th Cir. 1994) (challenge to enhanced sentence based on "actual innocence" as career offender under guidelines brought as § 2255 motion in sentencing court); *but see Poole v. Dotson*, 469 F. Supp.2d 329 (D. Md. 2007), *appeal docketed*, No. 07-4220 (4th Cir. February 20, 2007) (sentencing court granted § 2241 habeas petition that challenged enhanced federal sentence based on subsequent vacated state convictions).

In as much as Petitioner's request to "vacate" his "career-offender sentence" could be construed as a motion under 28 U.S.C. § 2255, this Court cannot consider it. Petitioner has previously filed for relief under § 2255, so if this request is construed as a § 2255 motion to vacate his sentence, it is successive. Federal prisoners cannot file a second or successive motion in the

district court without authorization from the United States Court of Appeals. See 28 U.S.C. § 2255. Petitioner is aware of this requirement, because after having one of his state court convictions vacated in 2005, he petitioned the United States Court of Appeals for the Fourth Circuit requesting to file a successive § 2255 motion, which was denied November 15, 2005. Subsequently, Petitioner received notice in 2007 that two other state convictions have been vacated, and one state charge was incorrectly entered as a conviction and has since been dismissed as "nolle prosque." Petitioner, however, did not seek the permission of the United States Court of Appeals for permission to file a successive § 2255 motion, but instead filed this action titled as a § 2241 habeas action. If construed as a § 2255 motion, this action must be dismissed because Petitioner has not received permission of the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion.

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in this case be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit).

**Petitioner's attention is directed to the important notice on the next page.**

George C. Kosko
United States Magistrate Judge

March 26, 2008
Charleston, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).